Oarguid case on the calendar for today is numbers 21-1496, United States v. Forde Good morning. May it please the court, my name is Allegra Glashauser. I represent appellate Ricardo Forde. Your Honors, Ricardo Forde was a young, devoted father when he pleaded guilty to three of the lowest level violations of his supervised release, being unemployed during a pandemic and resisting arrest. But at sentencing, the judge focused on unproven serious allegations involving drugs, gangs, and shootings. The government did not attempt to prove the truth of these allegations. The court did not make factual findings about them. Defense counsel disputed them. Relying on unproved facts at sentencing is procedural error. But the district court, when she sentenced Mr. Forde, talked about a breach of trust because he got a lenient sentence the first time around. Is that correct? I mean, it's correct that she said it, but did he get a lenient sentence? He got one month less than the bottom of the guideline range originally. And the judge, even in saying that, said she didn't think it was that important because it was only one month below. The judge did discuss also the breach of trust, but she didn't discuss it in the context of the charges that he actually pled guilty to. She talked about it more broadly. Her discussion at sentencing was about gang allegations. She said there were very suspicious circumstances. She talked about drugs. She mentioned the shootings. All of that conduct, which was exceedingly more serious than what Mr. Forde had admitted and what the evidence showed, was what the court focused on when talking about his breach of trust. So the error here isn't that the judge didn't use the correct sort of magic words that you use at sentencing about breach of trust and the 3553A factors. The error is that the judge relied on facts that she had not found by a preponderance of the evidence. Do you think she relied on them really? Yes, Your Honor. Tell me why. What did she say that led you to believe that she relied on the unproven facts? Well, she talked about the other violations being significant and the next thing she said was the drug possession. She said Mr. Forde had been a member of a very violent gang. She discussed suspicious circumstances, saying he had associated with a gang. None of those things had been proven by any preponderance of the evidence and the record could not have proved them by a preponderance of the evidence because the record was vague and sparse with respect to all of those allegations. At the same time, she barely mentioned the actual conduct that Mr. Forde was being sentenced on and I think that the court can take the inference from that that the things she did discuss were what she was relying on. Why isn't the actual conduct that's undisputed, as I understand it, enough? There's drug use and curfew violations and the like. Well, the actual conduct was being unemployed and having resisted an arrest that occurred when police officers entered Mr. Forde's home without a warrant. That's the actual conduct that Mr. Forde admitted. The court did also discuss these sort of ancillary things about of her sentence and also was not what Mr. Forde was being sentenced on. It is a separate question about whether the sentence is substantively reasonable, which I think it's not. But as a first matter, when the court relies on facts that haven't been proven by any standard, that defense counsel hasn't had an opportunity to rebut, that the government hasn't tried to prove, and the court makes no factual findings about, that's procedural error. She said in her sentencing colloquy at page 63, there are other violations he didn't plead guilty to, but they're not seriously or they are not disputed, as far as I understand. So does that tell you that she relied on them because of that, that they're not seriously disputed? Yes, Your Honor. And that comment was also incorrect. The government correctly noted that defense counsel had disputed that other conduct and defense counsel did dispute the other conduct sort of at every opportunity. He said he had some disagreements with the gang allegations. He said proof of those allegations would be difficult and noted there had been no hearing about them. And he correctly called the allegations vague, saying he had received no more specific information. And they were vague. In the violation report, the allegations are contradictory. They say first that an individual was a member of one gang and then that he was a member of a rival gang. They are unclear. It never says that probation told Mr. Ford he could not associate with this particular person that the report is all about, Mr. Garcia. And they seem to be based solely on statements that are relayed from somebody else to the probation officer. There wasn't enough here to find that those And yet, that's what the court talked about throughout the sentencing. She also says, though, on the same page I cited previously, I'm not considering at all that it had anything to do with anyone beyond being injured. There's no claim of that. But he was associated with these individuals. So she has it. She says, I know about this, but I'm not relying on it in sentencing. Isn't that what you were saying? No, Your Honor, because she says in the same breath that he was associating with these individuals. That's only relevant if these individuals are, first of all, part of a gang. Second of all, that Mr. Ford knew they were part of a gang. And third of all, that he had actually been told by probation that he couldn't associate with them. None of those three factual matters were proved by any standard. And they were disputed. So the court explicitly is saying that she is relying on this association. When the association, it may have been shown that Mr. Ford had been with Mr. Garcia, maybe, but it hadn't been shown that Mr. Ford was told he couldn't be with Mr. Garcia or that Mr. Garcia was part of a gang. On that record, that's procedural error. Is he serving six months? Is it over by now? Correct, Your Honor. The six months has ended. He's on supervised release. But he's on supervised release, which gives him standing to challenge the sentencing. Correct, Your Honor. He has two years of supervised release following the six months of incarceration. And all of that followed five months of home confinement. So this is a substantial sentence, particularly considering that that six months of incarceration was during COVID at the MDC, where conditions have been abhorrent. And many, many judges have recognized that a shorter sentence serves greater goals of punishment and deterrence because the time is so difficult here. And he was charged with not having a job, although he was on home confinement and incarceration. How would he get a job? He was charged with being unemployed. And I agree, Your Honor, it was difficult circumstances, particularly as it was also the beginning of the pandemic when it was difficult to get a job. I think also importantly, he was doing other things that were beneficial to both his life and his family's, taking care of his infant daughter and also preparing to take the GED course. This is completely extra record, but does he have a job now? If you don't know, you don't apologize. Thank you, counsel. Thank you. We'll hear from the government. Good morning, and may it please the court. My name is Andrew Wang, and I am an assistant United States attorney in the Eastern District of New York. I also represented the government in the As the court has remarked upon, it did state that it was not going to sentence the appellant here based on the gang associations in terms of not considering them. I thought you were very troubled by that. There's no question that the trial court was troubled by the gang associations. There was an extended colloquy to that effect. However, the experienced trial counsel here very well versed in the record and aware of the history and characteristics of this appellant also stated at least twice in the record that it was going to sentence this appellant based on the violations to which he pled, which specifically here were charges 4, 5, and 6, the misdemeanors and the lack of employment, and also that he was not going to be sentenced on the other crimes that he committed. And presumably here, the language encompassed the alleged gang associations. The other crimes which were alleged, because none of them were proved, right? That's correct. Your Honor, there's no suggestion that there was a hearing or a finding of fact that those allegations were proven. That said, I will note that throughout the colloquy, the trial court did give defense counsel ample opportunity to object, to specifically dispute, or to raise any affirmative statements in response to those allegations. And throughout that hearing, defense counsel declined to take that opportunity. At best, defense counsel was ambiguous, making statements to the effect of, we do not concede that, that has not been proven to our satisfaction. But defense counsel never objected and did not affirmatively dispute those allegations in a material way, which is why the procedural issue here is on plain error review. I will also raise one brief note. I believe Judge Pooler asked if there was any extra record evidence as to the appellant's current situation. I can speak to that if the court would like to As of this moment, the appellant is not actively being on, supervised on release or does not have a job because he's currently incarcerated. He was recently rearrested for a new offense, this time in the Southern District of New York. That's really extra record. Yes, it is extra, it is off the record, but because the court- We didn't hear it. Yes, it is, it is off the record, extra record. So, Your Honor, on the procedural point, again, just emphasizing that on plain error review, there was no error here and if there was any, it certainly was not obvious. And the important facts to take in mind there are that, again, while there was a discussion of the unproven allegations, unlike other cases like Aldine or Fama, the trial court here explicitly said, even if those allegations troubled the court or maybe even if the court took those facts to be true, the court was not considering those facts and fashioning the sentence. Again, that's in the appendix in pages 61 through 64. The court on a couple of occasions stated that it was not going to take those facts into consideration. It's also important to keep in mind that in those other plain error cases, the sentences imposed by the trial courts were significantly above the guidelines. In Aldine case, it was more than eight months above a 10-month top of the guidelines range, and in Fama, it was more than twice the top of the guidelines range. And, of course, in those situations, the court has a heightened obligation to explain its reasoning for the sentence. And where was Mr. Ford in terms of the guidelines? The guidelines here, Your Honor, were five to 11 months. So it was right in the middle, close to the lower end. Close to the lower end, you're correct, Your Honor. And here I think it's important to note that that six-month sentence, which was at the lower end of the guidelines, was eminently reasonable in light of the trial court's 3553 analysis. The court did go through all the necessary factors, described the history and characteristics of this appellant, which did throughout supervised release, which included not only the new crimes committed on April 7, 2020, and his consistent lack of employment, but also uncontested facts with respect to his marijuana use and his perfidy violations. I will note that on the unemployment aspect of the case, the appellant has argued that because this coincided with the COVID-19 pandemic, that there is, it's more understandable that he did not obtain employment. However, he was released from federal incarceration in August of 2019. And all throughout the first six months of that period of supervised release, did not find any kind of employment. And in fact, appears to have shirked all the opportunities that were urged upon him by the probation officer. I think those are the two things that are contested. Having said that, your honor, unless the panel has any additional questions, we will rest our briefs. Thank you, counselor. Thank you. So I'd just like to be clear, based on the government's response, that we're not arguing the judge didn't give enough reasons for the sentence, but rather that the reasons were based on facts that were not proven. And that's the error. And that's why this case is different than those the government cites about courts that don't give enough reasons as a standalone error. Here, the court was relying on reasons that were not appropriate, relying on facts that alleged much more serious troubling conduct. Although she seemed to say that she wasn't relying on them. I disagree, your honor. She says that she is not relying on the fact, she says that she doesn't think Mr. Ford was responsible for injuries involved in the shootings. And that's something. But what she does rely on are very suspicious circumstances. She says that she believes it's not seriously disputed that he possessed drugs on April 7th, and that he was associating himself with gang members. Those things were disputed, and they were not proved, and they should not have been relied on. And with respect to the court's standard of review, did not stand up and say that they are disputed, your honor. I think Mr. Darrow did enough. Mr. Darrow, on numerous occasions, said that he had disagreements, that the proof would be difficult, that he would need something more specific than the vague allegations. Each time the court tries to, it seems, press him to agree to those facts, he says no. He says he does not believe they are material to the sentencing, and that he disagrees. Nothing more really should be required to alert the court that the court hasn't made factual findings, and that defense counsel disputes them. And the government also, when giving its presentation at sentencing, noted defense counsel disputes those allegations. Nothing more is required, particularly when at sentencing there is a more relaxed standard of review, recognizing that for a sentence is not as great a cost as a trial. Here, defense counsel makes his disagreement clear, and the error, and the error itself is clear as well. Can I just ask one quick question about to extend it to any sentence? The government's position is that there's a heightened requirement for upward deviations. So I don't think that's an extension of Aldean. Aldean is not the only case where this court has said that the district court should not rely on facts that are not proved by a preponderance of the evidence. Those cases are pretty frequent that this court says it, either saying the judge had found the facts by the preponderance of the evidence. For example, and I'm going to pronounce this wrong, but it's in our brief, but Kekasi and Ali and Fama, some of them are cases where the judge also is giving an above-guideline sentence. So that's troubling to the court, particularly in Aldean. The court found that sentence was too high. But to reverse on the procedural error, this court doesn't also have to agree that there's substantive unreasonableness in the length of the sentence. Those things are separate. I think both are present here, but the procedural error does not require that the sentence be outside of the guidelines. This court does not presume that a guideline sentence is reasonable, either procedurally or substantively. Here, it's unreasonable under both. And looking only at the conduct Mr. Ford admitted, the sentence, which came after five months of home confinement to six months at the MDC during COVID, followed by two years of supervised release for being unemployed, even though there was no dispute he was taking care of his daughter day and night, four days a week, as well as taking other steps that were in a positive direction towards employment and resisting what very much seems to be an unlawful arrest, is a sentence that is also substantively unreasonable. Thank you both. Thank you. Very nicely argued. We'll take the case under